# **CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE**

This Confidential Settlement Agreement and Release, along with any Addendums executed and annexed hereto (the "Agreement") is entered into as of the 2nd day of December 2015, by and between MARCIO REYES ("Reyes"), on the one hand, and 37th AVENUE PHARMACY, Inc. and ALBA FLORES ("Defendants") on the other hand. Reyes and the Defendants are collectively referred to herein as the "Parties".

**WHEREAS**, Plaintiff filed an action in the United States District Court, Eastern District Of New York, captioned <u>Reyes v. 37th Ave. Pharmacy, Inc., ALBA FLORES, in her individual and professional capacity</u>, Case No. 15 Civ. 04085 (the Court Action); This action was brought by Plaintiff alleging that Defendants failed to pay him overtime pursuant to the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL), and alleging disability discrimination pursuant to New York Human Rights Law, Executive Law Section § 296 *et seq.* (NYSHRL) and New York City Human Rights Law (Title 8, New York Charter and Administrative Code);

**WHEREAS**, it is understood by the Parties that this Agreement is solely for the purpose of the settlement and compromise of disputed claims and that the execution of this Agreement is not to be construed or considered as an admission of liability or fault of the Defendants; and, it being further understood and agreed that the Defendants denied and continue to deny any wrongdoing, violation of law or liability to Plaintiff; and

**WHEREAS**, in the interest of efficiently resolving the dispute, and in order to avoid the costs, inconvenience and uncertainty inherent in any potential litigation, the Parties wish to fully and finally resolve and settle any and all disputes and claims between them.

**NOW THEREFORE**, in consideration of the foregoing and of the mutual covenants and promises set forth below, and other good and valuable consideration, the receipt and sufficiency of which are hereby conclusively acknowledged, the Parties hereby agree as follows:

1. **Payment**. The Defendants agree to pay Reyes the total sum of Thirteen Thousand Five Hundred Dollars ($13,500.00) (the "Settlement Sum") made payable to "PARDALIS & NOHAVICKA, LLP *as attorneys for Marcio Reyes*" within twenty (20) days from the Court reviewing and finding this Agreement to be fair and reasonable (*If necessary*), for liquidated damages and/or interest purportedly owed on allegedly unpaid back wages, Reyes' claim for disability discrimination, and for litigation expenses costs and attorney fees, as well as in consideration for the release of claims contained herein. The foregoing check shall be delivered to:

Pardalis & Novahicka,
35-10 Broadway, Suite. 201,
Astoria, NY 11106.

2. **Taxes**. Reyes shall be responsible for and to pay any federal, state, and/or local taxes, if any, which may be required by law to be paid with respect to this settlement. In the event that any federal, state or local taxing authority or court determines that taxes, interest

and/or penalties are due and owing said taxes, interest, penalties or other liabilities shall be the sole obligation and liability of the responsible Reyes, who shall hold harmless, indemnify and defend Defendants and any other affected Released Parties

3. **General Release of All Claims**. In consideration for the promises made herein, including the payment of the Settlement Sum, Reyes hereby releases the Defendants, their predecessors, successors, subsidiaries, divisions, parent corporations, insurers, affiliates, and their past and present board of directors, shareholders, owners, partners, agents, representatives, principals, attorneys, insurers, officers, directors, employees and managers, from any and all legal, equitable or other claims, counterclaims, demands, setoffs, defenses, contracts, accounts, suits, debts, agreements, actions, causes of action, charges, liens, obligations, liabilities, sums of money, reckoning, bonds, bills, specialties, covenants, promises, variances, trespasses, damages, extents, executions, judgments, findings, controversies and disputes, and any past, present or future duties, responsibilities, or obligations, including but not limited to legal expenses, disbursements and/or costs, from the beginning of the world to the date hereof, whether known or unknown, that Reyes ever had, now has or may hereafter have, against the defendants. This is a general release, and is intended to provide the defendants with the broadest release legally possible, including but not limited to:

(i) claims arising out of, or related to, Reyes' employment with the Defendants, Reyes's transition from employment with the Defendants and/or the termination of Reyes' employment with the Defendants;

(ii) claims of discrimination on the basis of age, race, national origin, color, religion, gender, sex, sexual harassment, sexual orientation, marital status, disability, disability by association, violation of the Family Medical Leave Act, retaliation, or other characteristic protected by applicable law (including without limitation, Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000(e) et seq., the Age Discrimination in Employment Act of 1967 as amended, 29 U.S.C. § 631(a) et seq., the Americans With Disabilities Act of 1990 as amended, 42 U.S.C. § 12101 et seq., the Family and Medical Leave Act of 1993 as amended, 29 U.S.C. § 2601 et seq., the Pregnancy Discrimination Act of 1978, the Older Workers Benefit Protection Act as amended, 29 U.S.C. § 621 et seq., the Equal Pay Act of 1963 as amended, 29 U.S.C. § 206(d) et seq., the Civil Rights Act of 1991 as amended, 42 U.S.C. § 1981, the Employee Retirement Income Securities Act of 1974 ("ERISA") as amended, 29 U.S.C. § 1001 et seq., excluding non-waivable claims, the National Labor Relations Act as amended, 29 U.S.C. § 151 et seq., the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq., the Immigration Reform and Control Act, The Fair Reporting Act, New York State Constitution and Amendments thereto, the New York State Human Rights Law, Executive Law §296 et seq., The New York Minimum Wage Law, as amended, N.Y. Labor Law, Art. 19, § 651 et seq., The New York Occupational Safety and Health Laws, The New York Whistleblower Law, N.Y. Labor law, § 740 et seq., The New York Civil Rights Law, Civil Rights Law § 40, The New York Non-Discrimination for Legal Activities Law, N.Y. Labor Law § 201-d, New York State Labor Law § 190 et seq., New York State Labor Law § 198 relating to retaliation and discrimination,

the discrimination and retaliation provisions of the New York Workers' Compensation and Disability Benefits Laws, New York City Human Rights Laws, the New York City Administrative Code, Title 8, and any state and/or municipality fair employment statutes or discrimination or laws;

(iii) claims of breach of contract, whether actual or implied, written or oral, promissory estoppel, quantum meruit, conversion or the like;

(iv) claims for unpaid wages, salary, overtime, commissions, bonuses, stock grants, stock options or any other form of compensation, including without limitation, claims based on the Fair Labor Standards Act, the New York Executive Law, the New York Labor Law, New York laws, rules or regulations pertaining to employment, wages and hours,;

(v) claims for infliction of any tort (including but not limited to wrongful or unlawful discharge, constructive discharge, intentional or negligent infliction of emotional distress, fraud, misrepresentation, tortious interference with business and contract relations, tortious interference with prospective economic advantage, unfair competition, defamation), and assault and battery;

(vi) claims for any violation of any pension or welfare plans, defined benefit plans, profit sharing plans, or any other benefit plan or arrangement (including but not limited to, any claims under ERISA, and all amendments thereto; and

(vii) any claim for attorneys' fees, costs, related disbursements or the like.

Excluded from this release are any claims that cannot be waived pursuant to applicable law, including but not limited to claims for vested benefits.

If Reyes, or anyone on his behalf, makes any claim which is covered by this Release, Reyes waives any rights to such claim, including the ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which the Defendants identified in this Agreement are a party.

Notwithstanding anything to the contrary in this paragraph, Reyes' release of the Defendants does not apply to the payment required in Paragraph 1 of this Agreement.

If Reyes violates, breaches or contravenes the provisions set forth in Paragraph 3 of this Agreement, then Reyes agrees that he shall be liable for all reasonable attorney's fees incurred by the Defendants in connection with enforcing the terms of Paragraph 3.

4. **Ownership of Released Matters.** Reyes hereby warrants and represents that he is the sole and lawful owner of all rights, title, and interest in and to all claims released pursuant to Paragraph 3 above, and that he has not heretofore assigned or transferred, or purported to assign or transfer, any of such released claims, in whole or in part, to any other person or entity.

5. **Dismissal With Prejudice.** Counsel for Reyes and counsel for Defendants shall execute the Stipulation of Dismissal with Prejudice attached hereto as <u>Exhibit A</u> simultaneously with the execution of this Agreement. Plaintiff shall deliver the executed Stipulation of Dismissal with Prejudice simultaneously with the delivery of this executed Agreement to counsel for Defendants. Counsel for Defendants will hold the executed Stipulation of Dismissal with Prejudice in escrow until such time that counsel for Plaintiffs have received the payments outlined in Paragraph 1, at which time counsel for Defendants may file the Stipulation of Dismissal with Prejudice, if it is necessary for such document to be filed with the Court.

6. **Confidentiality of Agreement.** The Parties agree that this Agreement, the terms thereof, any and all actions by the Parties in accordance therewith, shall be kept confidential and shall not be disclosed to any third party at any time unless otherwise required by process of law. Moreover, this Agreement and its terms shall not be used or disclosed in any court, arbitration, or other legal proceeding, except to enforce the provisions of this Agreement. Nothing herein, however, shall prohibit any party or its attorney from responding to any inquiry by any federal or state regulators regarding this settlement or its underlying facts and circumstances. Notwithstanding the foregoing, the Defendants may disclose this Agreement and its contents to their board of directors, officers, management employees, attorneys and auditors. In addition, and notwithstanding the foregoing, Reyes may disclose this Agreement to his tax advisors, her spouse, and attorneys.

Notwithstanding anything to the contrary in this paragraph, the Parties may disclose this Agreement to the Court and its personnel as necessary to obtain Court approval of this Agreement, including placing this Agreement in the public record. Such disclosure, however, shall not excuse the parties from their obligations as set forth in this paragraph.

7. **Nondisparagement.** Reyes agrees not to disparage in any way the Defendants, their subsidiaries and affiliates, and their current and former owners, shareholders, employees, officers, directors, managers and agents, or make or solicit comments, statements, or the like to the media or to others that may be considered to be derogatory or detrimental to the good name or business reputation of the Defendants, their subsidiaries and affiliates, and their current and former owners, shareholders, employees, officers, directors, managers and agents, including but not limited to negatively commenting on or calling into question the business operations or conduct of the Defendants, their subsidiaries and affiliates, and their current and former owners, partners, shareholders, employees, officers, directors, managers and agents, except that this clause shall not prohibit Reyes from giving truthful responses or testimony in any legal or regulatory proceeding or inquiry.

Defendant ALBA FLORES agrees not to disparage in any way Reyes or make or solicit comments, statements, or the like to the media or to others that may be considered derogatory or detrimental to the good name or reputation of Reyes.

All parties agree should any inquiry be made regarding Mr. Reyes's past employment, the only information given will be confirmation of his dates of employment and positions held.

8. **Liquidated Damages for Breach.** If Reyes directly or indirectly violates, breaches, or contravenes any material aspect of the provisions set forth in Paragraphs 6 or 7 above, then Reyes agrees that the Defendants shall have suffered injury and damages, which shall be difficult to calculate. Accordingly, if a court with competent jurisdiction finds that Reyes directly or indirectly violated, breached or contravened any material aspect of the provisions set forth in Paragraphs 6 or 7 above, then Reyes agrees to pay the Defendants the sum of $4,000.00 per breach of the provisions set forth in Paragraphs 6 or 7, which Reyes agrees is a fair, measured and reasonable sum, in addition to all reasonable attorney's fees incurred by the Defendants counsel in connection therewith.

9. **Return of Property of the Defendants.** Reyes affirms that he returned to the Defendants any and all of the Defendants' property in his possession, including but not limited to, keys and documents pertaining to the Defendants' business (whether original, copied, computerized, electronic or handwritten). Reyes represents and warrants that he has not and will not retain any property of the Defendants of any nature.

10. **Acknowledgments and Affirmations.** Reyes affirms that he has not filed, caused to be filed, or presently is a party to any claim against the Defendants, other than the Court Action. Reyes also affirms that payments received through the end of this Agreement, including the Settlement Sum, represent payment of all salary, compensation, wages, overtime, bonuses, commissions, and/or benefits to which Reyes may be entitled. Reyes affirms that he has been granted any leave to which he was entitled under the Family and Medical Leave Act or related state or local leave or disability accommodation laws. Reyes further affirms that he has no known workplace injuries or occupational diseases.

11. **No Oral Modifications.** The provisions of this Agreement may be modified only by written agreement of all Parties. The terms or provisions of this Agreement may not be changed, waived, modified, or varied in any manner whatsoever unless in writing duly signed by all Parties. This Agreement may not be assigned by Reyes.

12. **Counterparts.** This Agreement may be executed simultaneously in counterparts, each of which shall be deemed an original, and all such counterparts shall comprise but one Agreement. Further, this Agreement may be executed by facsimile or PDF. Execution by facsimile or PDF shall be deemed to be execution in the original in accordance with New York law.

13. **Binding Effect.** This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their successors and heirs.

14. **Further Assurances.** The Parties hereto agree to execute such other documents and to take such other action as may be reasonably necessary to further the purposes of this Agreement.

15. **Entire Agreement.** All agreements, covenants, representations and warranties, express or implied, oral or written, of the Parties hereto concerning the subject matter hereof are contained herein. No other agreements, covenants, representations or warranties, express or implied, oral or written, have been made by any party hereto to any other party concerning the

subject matter hereof. All prior and contemporaneous conversations, negotiations, possible and alleged agreements, representations, covenants and warranties concerning the subject matter hereof are merged herein. This Agreement may not be terminated or modified except by a writing signed by all Parties. The Parties agree that this Settlement Agreement contains the Parties' full and complete agreement.

16. **Joint Authorship.** This Agreement is the result of negotiations between the Parties to this Agreement. There shall be no presumption that any ambiguities in this Agreement shall be resolved against any party. Any controversy regarding the construction or interpretation of this Agreement shall be decided neutrally, in light of its conciliatory purposes, and without regard to events of authorship.

17. **Attorneys' Fees and Costs.** Each party shall bear its, his, or her own attorney's' fees and costs incurred through the execution of this Agreement.

18. **Headings.** The paragraph headings herein are for convenience only, and shall not affect the interpretation or construction of this Agreement.

19. **Governing Law.** This Agreement shall be construed under and governed by the laws of the State of New York, notwithstanding any choice of law provision or principle to the contrary.

20. **Advice of Counsel.** The Defendants have advised Reyes to consult with an attorney prior to signing this Agreement. Each person executing this Agreement represents that he/she/it has consulted with an attorney prior to signing this Agreement. Reyes represents that he has determined that this Agreement is fair and reasonable under all circumstances and that this determination has been based solely upon her independent judgment after consulting with her counsel. In making this determination, Reyes has had an adequate opportunity to discuss and assess the merits of all her claims and potential claims.

21. **Signatures.** The Parties hereby signify their agreement to the above terms by their signatures below. The officer 37th Avenue Pharmacy, Inc. signing this Agreement represents that he or he is authorized to execute this Agreement on behalf of 37th Avenue Pharmacy, Inc. Reyes executes this Agreement on his own behalf and represents that: (1) he has been given an opportunity to consult with counsel prior to signing this Agreement, (2) he has not relied on any representations of the Defendants' counsel with respect to the subject matter of this Agreement, and (3) this Agreement includes a full, complete and final release relinquishing existing and possible claims against the Defendants as provided elsewhere in this Agreement.

[SIGNATURES ON FOLLOWING PAGE]

**MARCIO REYES**

By: _____  Date: 12-04-15
Marcio Reyes, *Plaintiff*

**37th AVENUE PHARMACY, Inc.**

By: _____  Date: 12/7/15
Name: Alba Flores
Title: President

**ALBA FLORES**

By: _____  Date: 12/7/15
Alba Flores, *Defendant*

7

## ADDENDUM TO AGREEEMENT

Reyes acknowledges that he has been given a period of twenty-one (21) days within which to consider and execute this Agreement, unless Reyes voluntarily chooses to execute this Agreement prior to the end of that twenty-one day period. Reyes understands that he has seven (7) days following his execution of this Agreement to revoke it in writing (by delivering a written notice of revocation to RAYMOND NARDO, P.C., 129 Third Street, Mineola, NY 11051, received no later than the eighth day after the Effective Date of this Agreement), and that this Agreement is not enforceable as to Reyes until after this seven-day period. If Reyes revokes this Agreement, he will not receive the consideration provided in this Agreement.

_____  12-04-15
MARCIO REYES